Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| CONSEJO DE TITULARES CONDOMINIO BALCONES LAS CATALINAS<br><br>Apelante<br><br>v.<br><br>NIXALIZ HERNÁNDEZ SILVA<br><br>Apelada | TA2025AP00482 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil núm.: CB2025CV01698 (705)<br><br>Sobre: Injunction Preliminar, Permanente; Sentencia Declaratoria |
|---|---|---|

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2025.

Comparece ante este tribunal apelativo, el Consejo de Titulares del Condominio Balcones Las Catalinas (el Consejo de Titulares o parte apelante) mediante el recurso de apelación de epígrafe solicitándonos que revoquemos la *Sentencia* emitida el 26 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI), notificada al día siguiente. Mediante la misma, el TPI declaró *Ha Lugar* a la *Moción de [Desistimiento] sin Perjuicio.*

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción ante su presentación prematura.[1]

---

[1] Examinado el recurso y el expediente apelativo, prescindimos de la comparecencia de la parte apelada, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

# I.

**La Jurisdicción**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero v. Oficina de Gerencia de Permisos y otros,* 187 DPR 445, 457 (2012); *Vázquez v. ARPe,* 128 DPR 531, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *A.S.G. v. Municipio San Juan,* 168 DPR 337, 343 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248, 255 (1992). Los tribunales deben cuidadosamente velar por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* supra. Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, **nuestro deber es así declararlo y sin más, proceder a desestimar**. *García Hernández v. Hormigonera Mayagüezana, Inc.,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* supra.

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal antes de que el asunto esté listo para su

adjudicación. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Por otra parte, cabe destacar que, una vez se presenta una moción de reconsideración de manera oportuna y fundamentada, se interrumpe el término para recurrir al foro apelativo. Ello, según lo dispone la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V. R. 47, en donde establece que:

> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. **Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración**.

Asimismo, la Regla 52.2(e)(2) de las de Procedimiento Civil, 32 LPRA Ap. V. R. 52.2(e)(2), preceptúa lo siguiente:

> El transcurso del término para apelar se interrumpirá por la oportuna presentación de una moción formulada de acuerdo con cualquiera de las reglas que a continuación se enumeran, y el referido término comenzará a contarse de nuevo desde que se archive en autos copia de la notificación de cualquiera de las siguientes órdenes en relación con dichas mociones:
>
> (. . .)
>
> (2) Regla 47. **En las apelaciones al Tribunal de Apelaciones provenientes del Tribunal de Primera Instancia que resuelvan definitivamente una moción de reconsideración** sujeto a lo dispuesto en la Regla 47.

Como corolario de lo antes expuesto, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re*

*Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 115, 215 DPR ___, (2025), dispone lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (...)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

**II.**

Examinado el recurso ante nuestra consideración, nos corresponde primariamente auscultar si tenemos jurisdicción debido a que, por ser materia privilegiada, debemos atenderla con preferencia a cualquier otro asunto planteado. Esto, aun cuando las partes no lo hayan argumentado o solicitado. *Carattini v. Collazo Systems Analysis, Inc.,* supra, a la pág. 355.

Surge del trámite procesal que la *Sentencia* apelada se notificó el 27 de septiembre de 2025. Inconforme con el dictamen, el 29 de septiembre posterior, la parte apelante instó una *Moción de Reconsideración.*[2] No obstante, y como bien advierte esta parte en el recurso intitulado *Apelación Civil,*[3] al presentarse el mismo el 27 de octubre, el referido petitorio estaba pendiente de consideración ante el TPI.

---

[2] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), Entrada núm. 35.

[3] Véase, el recurso de *Apelación Civil*, SUMAC TA, Entrada núm. 1, pág. 9, en donde la parte apelante expone que:

> [E]l Tribunal [TPI] reiteró que el 16 de octubre de 2025 "el caso tiene sentencia desde el 26 de septiembre de 2025", **sin exponer si acogía o no la moción de reconsideración, ni fundamentar la razón de su inacción,** lo cual genera incertidumbre procesal y motiva la intervención de este Honorable Tribunal Apelativo.

Por otro lado, en la discusión de los señalamientos de error, a la pág. 18, la parte apelante también esbozó que, a su entender, "existe una resolución implícita que el Tribunal de Primera Instancia está obligado a emitir, disponiendo formalmente de la moción de reconsideración pendiente. En todo caso, correspondería a este tribunal ordenar expresamente al foro primario que emita dicha resolución, a fin de restablecer la certeza procesal y viabilizar la revisión apelativa en conformidad con los principios de debido proceso y seguridad jurídica".

Sobre este particular, y como expusimos previamente, la Regla 47 de las Procedimiento Civil, *supra,* dispone que "Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración."

Por tanto, al haberse presentado el recurso, previo a que el TPI hubiese notificado el dictamen resolutorio de la solicitud de reconsideración, nos encontramos ante un recurso prematuro. Por lo que, procede su desestimación al adolecer del grave e insubsanable defecto de privar de jurisdicción al tribunal, al cual se recurre. Reiteramos que su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo, *punctum temporis,* aún no ha nacido autoridad judicial o administrativa alguna para acogerlo. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97-98 (2008).

### III.

Por los fundamentos antes expuestos, procede desestimar el recurso ante la falta de jurisdicción por prematuridad.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones